**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| STEVEN DHILLON and RUBY DHILLON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Director, U.S. Citizenship and Immigration Services; et al., <br><br> Defendants - Appellees. | No. 10-17346 <br><br> D.C. No. 3:10-cv-00723-EMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, Magistrate Judge, Presiding

Submitted April 17, 2013[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Steven and Ruby Dhillon appeal the grant of summary judgment to the government on their claims that they were denied due process of law during Ms. Dhillon's removal proceedings and during the adjudication of Mr. Dhillon's I-130 petition for an immediate relative visa for Ms. Dhillon. Because the parties are familiar with the history of the case, we need not recount it here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that it lacked jurisdiction to entertain any challenge to Ms. Dhillon's removal proceedings because "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). The district court was also correct that the process by which Mr. Dhillon's I-130 petition was denied comports with the applicable statutes and regulations. *See* 8 U.S.C. § 1154; 8 C.F.R. §§ 103.2, 103.3.

Finally, we also agree that the Dhillons received constitutionally adequate due process. *See Mathews v. Eldridge*, 424 U.S. 319 (1976) (explaining the factors to be considered). The Dhillons do not assert that the statements they challenge are untrue or otherwise challenge the substance of those statements, and they have never proffered any theory under which the cross examination they seek would have enhanced or altered the adjudication of Mr. Dhillon's petition. The Dhillons

2

do not challenge the district court's determination that they make an as-applied challenge to the due process they received. We hold that the process they received was adequate because the process they request "could not have made a determinative difference" in their case. *Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, 452 U.S. 18, 33 (1981).[1] In particular, there was very little "risk of an erroneous deprivation of such interest through the procedures used," and seemingly no "probable value" from the "additional . . . procedural safeguards" that the Dhillons seek. *Mathews*, 424 U.S. at 335; *see Connecticut v. Doehr*, 501 U.S. 1, 14 (1991) (considering, in an as-applied procedural due process challenge, whether "the risk of error was substantial in this case"). The second *Mathews* factor is dispositive of the Dhillons' due process claim.

**AFFIRMED.**

---

[1]In *Lassiter*, the Supreme Court determined that Ms. Lassiter was not entitled to counsel in her parental termination proceedings because "presence of counsel for Ms. Lassiter could not have made a determinative difference" in her case. 452 U.S. 18, 33 (1981). The Supreme Court looked at "all these circumstances," in "hold[ing] that the trial court did not err in failing to appoint counsel for Ms. Lassiter." *Id.* at 33; *see also id.* at 49 (Blackmun, J., dissenting) (criticizing the majority for its case-specific determination).